**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 21, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP182-CR**

Cir. Ct. No. **2022CF14**

STATE OF WISCONSIN

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DAVID A. STAGE, JR.,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Rusk County: BEVERLY WICKSTROM, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. David Stage, Jr., appeals from a judgment convicting him of child abuse—intentionally causing harm. He challenges the

sufficiency of the evidence to support the verdict and the admission of other-acts evidence. We reject both challenges and affirm.

## BACKGROUND

¶2 The State charged Stage with one count of repeated sexual assault of a child for events alleged to have occurred between 2003 and 2014; one count of second-degree sexual assault for an incident alleged to have occurred in 2018; and one count of physical abuse of a child—intentionally causing harm, based upon an incident alleged to have occurred in January 2010. The charges all involved the same victim, Anne.[1] Because the jury acquitted Stage of the two sexual assault charges, we will focus on the evidence relevant to the child abuse charge.

¶3 The most direct evidence for the child abuse charge came from Anne's special education teacher, Amy Capra. Over a period of several years, beginning when Anne was in first grade, Capra made a series of mandated protective service reports about suspected abuse of Anne. In one incident, Anne told Capra that a large bump Capra observed on Anne's head was caused by Stage throwing a boot at Anne. In another incident, Anne told Capra that "these tiny little perfectly red dots" that Capra observed all over Anne's head and scalp were caused by Stage along with Anne's half-brother shooting at Anne with BB guns. In yet another incident, Anne told Capra that her pronounced limp and swollen foot were caused by Stage kicking her in her foot or ankle area.

---

[1] This matter involves the victim of a crime. Pursuant to the policy underlying WIS. STAT. RULE 809.86(4) (2023-24), we use a pseudonym instead of the victim's name. All references to the Wisconsin Statutes are to the 2023-24 version.

¶4 Regarding the specific incident underlying the charge in this case, Capra testified:

> Another one that I recall was she—I don't always recall what led up to it, but I recall her getting hit with a rod of some kind or a post or something and having a bruise that she complained about hurting her shoulder, her arm hurt, and so when I asked, which I always would say, well, what happened or why—why does your arm hurt? Then she showed me a large—or a bruise. I don't recall how large it is right now, but I'm remembering a bruise.

Capra recalled that Anne was in fifth grade at the time of that incident, which would have been around 2010.

¶5 Anne herself did not testify about the 2010 physical abuse incident alleged in the complaint. She testified about several other incidents where Stage "disciplined" her for failing to do chores properly. When Anne was nine years old, Stage broke a dish over her head because she had not properly cleaned it. When Anne was ten years old, Stage hit her in the head with a spatula because she had not put it away properly, and he hit her with a pot that she had not cleaned properly. When Anne was unable to properly set rat traps, Stage hit her, set a trap on her finger, and kicked her in the chest. On another occasion, Stage made Anne stand outside in the cold without socks or a jacket because she had stood in the kitchen for too long.

¶6 Anne, Anne's mother, Anne's half-sister, and Stage all testified that Stage was the person who did the disciplining in the household. However, Stage denied that most of the incidents had happened the way described, including that he ever struck Anne with a rod.

3

¶7 In this appeal, Stage challenges the sufficiency of the evidence to support the verdict and the admission of evidence about instances when he struck Anne other than in the charged offense.

## DISCUSSION

### I. Sufficiency of the Evidence

¶8 We review the sufficiency of the evidence to support a criminal conviction by comparison to the instructions actually given to the jury, so long as those instructions conform to the statutory requirements of the charged offense. *State v. Beamon*, 2013 WI 47, ¶22, 347 Wis. 2d 559, 830 N.W.2d 681. We will sustain the verdict "unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). Under this standard, we are required to search the record for "facts that support upholding the jury's decision to convict." *State v. Hayes*, 2004 WI 80, ¶57, 273 Wis. 2d 1, 681 N.W.2d 203. "[W]e consider all of the evidence produced at trial, including evidence that the defendant challenges as being improperly admitted." *State v. LaCount*, 2007 WI App 116, ¶22, 301 Wis. 2d 472, 732 N.W.2d 29.

¶9 The *Poellinger* standard is the same for a circumstantial case based upon inferences as for one based upon direct evidence. *Poellinger*, 153 Wis. 2d at 501. The jury may "within the bounds of reason" reject inferences consistent with a defendant's innocence based upon its credibility determinations, its resolution of conflicts in the testimony, its weighing of the evidence, and its view as to what inferences can reasonably be drawn therefrom. *Id.* at 506-07 (formatting altered).

Therefore, if more than one reasonable inference can be drawn from the evidence, we must adopt the one that supports the verdict. *Id.* at 504.

¶10 Here, the circuit court properly instructed the jury that the State needed to prove the following elements for the child abuse offense: (1) that Stage caused bodily harm (meaning physical pain or injury, illness, or any impairment of physical condition) to Anne; (2) that the conduct was intentional (meaning that Stage had the mental purpose to cause bodily harm or was aware that his conduct was practically certain to cause that result); and (3) that Anne had not reached the age of 18 years at the time of the offense. WIS. STAT. § 948.03(2)(b); WIS JI—CRIMINAL 2109 (2009). Stage contends that the evidence was insufficient to prove the first element because Capra did not testify as to who had struck Anne with a rod and that the evidence was insufficient to prove the second element because there was no testimony about the circumstances under which Anne was struck with a rod. He also contends that the evidence was insufficient to establish that the rod incident occurred within a reasonable amount of time of the date charged.

¶11 Under our deferential standard of review, we conclude that the jury could reasonably draw the inference that Stage was the person who struck Anne based upon his being the primary disciplinarian in the household and his pattern of striking Anne with objects as a form of discipline. The jury was also entitled to find incredible Stage's denial of having struck Anne with a rod. We further conclude that the jury could reasonably infer that anyone who strikes a child with a rod or post hard enough to leave a bruise had the intention to cause pain. Finally, we are satisfied that Capra's testimony that the incident occurred when Anne was in fifth grade, which was in 2010, was reasonably close to the January 2010 time frame alleged in the complaint.

5

## II. Other-Acts Evidence

¶12    As a general matter, evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." WIS. STAT. § 904.04(2)(a). Nonetheless, other-acts evidence may be admitted to show some motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident that reduces the possibility that the charged conduct was innocent. *Id.* Such evidence still must be relevant under WIS. STAT. §§ 904.01 and 904.02, in that it relates to a fact or proposition of consequence to the determination of the action, and its probative value must not be substantially outweighed by the danger of unfair prejudice or confusion of issues under WIS. STAT. § 904.03. *State v. Sullivan*, 216 Wis. 2d 768, 785-89, 576 N.W.2d 30 (1998).

¶13    Similarities between a defendant's prior acts and the charged offense highlight the probative value of the evidence regarding motive, intent, plan, and lack of mistake—especially as to the relative credibility of the defendant's and the accuser's differing versions of events. *See State v. Dorsey*, 2018 WI 10, ¶¶48-50, 379 Wis. 2d 386, 906 N.W.2d 158 (stating that a "witness's credibility is always 'consequential' within the meaning of WIS. STAT. § 904.01" and that "credibility is particularly probative in cases that come down to he-said-she-said" (citation omitted)). Establishing a distinct modus operandi is particularly probative of intent, plan, or identity when an alleged perpetrator denies that any assault occurred. *State v. Hurley*, 2015 WI 35, ¶¶64, 83-84, 361 Wis. 2d 529, 861 N.W.2d 174.

¶14    We review the circuit court's admission of other-acts evidence under the erroneous exercise of discretion standard. *Sullivan*, 216 Wis. 2d at 780. A court

properly exercises its discretion when it considers the facts of record under the proper legal standard and reasons its way to a rational conclusion. ***Id.***

¶15 Here, the evidence that Stage had repeatedly struck Anne with objects during her childhood was relevant for the permissible purposes of providing context for the charged child abuse offense, establishing the identity of the person who struck Anne with the rod, providing a likely disciplinary motive for the conduct, and explaining Anne's delayed reporting with respect to the sexual assault charges. The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice—particularly in comparison to the more emotionally charged evidence involving sexual assaults that was also presented to the jury. The fact that the jury acquitted Stage on the two sexual assault charges further shows that the jury was not likely unduly prejudiced. We conclude that the circuit court did not erroneously exercise its discretion by admitting the other-acts evidence.

*By the Court.—*Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.